21-cv-01057
Judge Steven C. Seeger
Magistrate Judge Young B. Kim
PC 11

RECEIVED MP
2/23/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois

Andrew James Johnston,
    Plaintiff,

v.

United States Attorney's Office,
Northern District of Illinois,
    Defendant.

Jury Trial Demanded

Case No. (Clerk To Supply)

Preliminary Injunctive Relief Requested

## CIVIL COMPLAINT

The Plaintiff, respectfully commences this action by way of complaint against defendant under the Administrative Procedure Act, 5 U.S.C. §706(2)(A), upon the following particulars:

1. On or about April 22, 2019, Plaintiff reported an imminent threat to the life and/or personal safety of Damaso Lopez, a high profile government witness, within the Metropolitan Correctional Center in Chicago, Illinois. About 36 hours later plaintiff was summoned by, and conferring with, defendant about the events of April 22, 2019. At that conference, plaintiff agreed to work covertly with defendant to obtain direct evidence of the threat's origin.

2. On May 8, 2019, after entering into a confidential human source agreement with the drug enforcement administration, plaintiff covertly recorded the source of the April 22, 2019 threat, Jesus Raul Beltran Leon, admit to soliciting a $25,000.00 reward to the individual(s) intending to carry out the hit on the witness. The May 2, 2019 agreement specified that if the operation was successful, plaintiff sought as reward reduction of sentence in 17CR517.

3. In early August 2019, the 5th and 6th to be exact, plaintiff was called to testify by defendant so the May 8, 2019 recording could be admitted into evidence in 09CR383-16. It was understood and explained by defendant that questions about the validity of claims raised in 17CR517 and plaintiff's criminal history would arise during cross-examination, but that the objective was to get the recording admitted.

4. Sure enough, plaintiff stood firm during cross, and the recording was accepted by U.S. District Judge, Ruben Castillo, on August 5, 6, 2019 via plaintiff. Castillo suggested Beltran testify in his own defense to contradict plaintiff and

and the audio if he thought he could, but he refused that opportunity. As a result, Castillo acredited all of plaintiff's testimony except the aspects on cross-examination referencing 17CR517.

5. In July 2020, after the disposition of plaintiff's direct appeal no. 19-1624, plaintiff sent a letter to defendant requesting a sixty six percent reduction in 17CR517 pursuant to the tremendous success of the operation and resulting integrity of Lopez. On September 27, 2020, plaintiff received a letter from defendant stating defendant was giving its attention to the matter and would "follow-up" with plaintiff about the requested reduction.

6. On February 10, 2021, plaintiff received a letter from defendant dated February 1, 2021 stating that defendant had concluded a twenty five percent reduction would be requested as reward for plaintiff's work on behalf of the United States. On February 12, 2021, plaintiff and defendant conducted a telephone conference where plaintiff asked defendant to increase the proposed twenty five percent as plaintiff found it lacking.

7. At that time, defendant explained it came to that figure because Judge Castillo supposedly didn't credit plaintiff's testimony beyond the context of the recording, and that plaintiff would receive the twenty five percent off for the recording only. On February 15, 2021, plaintiff forwarded the content of this complaint by way of third party email, and has not received any subsequent communication from defendant.

8. The precedent that is applicable is recent and factually specific. "After meeting with prosecutors several times, he testified as a government witness first before the grand jury and then for an entire day during Brindley's two-week trial. Despite Brindley's acquittal the government filed a motion under Federal Rule of Criminal Procedure 35(b)(2)(C) asking Judge St. Eve to reduce Harrington's sentence by 25 percent as a reward for his substantial assistance in investigating and prosecuting Brindley." United States v. Harrington, 834 F.3d 733, 734 (7th Cir. 2016).

9. Defendant awarded twenty five percent to Harrington for about half of what plaintiff did. All Harrington did was present his testimony to a grand jury, and repeated it for a day in trial. He did not report an imminent threat to avert a killing and/or serious physical injury to a high profile witness, and thus preserved that witness's physical and mental integrity. Harrington did not covertly obtain a direct recording proving a $25,000.00 hit was ordered on a government witness, and did not risk his personal safety to obtain such evidence or present it to the public in a hearing.

10. Thus under Harrington's "precedent," Payne v. Tennessee, 501 U.S. 808, 827 (1991), plaintiff should be entitled to at least a fifty percent reduction for his performance to date. It is therefore plaintiff's position that the February 1, 2021 conclusion of twenty five percent is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," Weyerhaeuser Co. v. United States Fish & Wildlife Serv., 202 L Ed 2d 269, 282 (2018) (quoting 5 U.S.C § 706 (2)(A). This is true because Harrington is legal precedent, and the February 1, 2021 is not in accordance with it because the work done isn't properly accounted for.

5

11. The Supreme Court has recognized that "discourag[ing] the assertion of constitutional [or legal] rights is 'patently unconstitutional.'" Chaffin v. Stynchcombe, 412 U.S. 17, 32-33 no. 20 (1973) (quoting Shapiro v. Thompson, 394 U.S. 618, 631 (1969)). Thus, plaintiff seeks a preliminary injunction that requires defendant to immediately increase the February 1, 2021 conclusion to fifty percent instead of the current twenty five and prohibits defendant from retaliating in the form of not giving plaintiff the current reward because of this action.

12. Plaintiff requests a permanent injunction on the merits for the same minimum fifty percent above stated. Plaintiff will prevail on the merits because a side-by-side comparison between Harrington shows fifty percent to be much more appropriate. Plaintiff will suffer irreparable harm because he has a substantial liberty interest at stake and will be very close to release from prison with a fifty percent reduction with the 3.5 years served and good-conduct time calculated.

13. The balance of equities tips in plaintiff's favor because he has already performed to the best of his ability to defendant's complete benefit and plaintiff's risk. The public has an interest to know that those who whole-heartedly assist justice will be appropriately rewarded and/or compensated.

Respectfully Submitted,

02/17/21 *Andrew Johnston*

Mr. Andrew James Johnston

## Inmate Account Inquiry

**Inmate Register Number:** 22712424
**Inmate Name:** JOHNSTON, ANDREW J
**Facility:** Tucson USP
**Housing Unit:** TCP-C-B
**Living Quarters:** C02-115U

Commissary History | Commissary Restrictions | Comments
**Account Balances** | Transaction History | General Information

| Field | Amount | Field | Amount |
|---|---|---|---|
| Account Balance: | $215.99 | National 6 Months Deposits: | $511.00 |
| Pre-Release Acct. Balance: | $0.00 | National 6 Months Withdrawals: | $343.50 |
| Debt Encumbrance: | $50.00 | Available Funds to be considered for IFRP Payments: | $61.00 |
| SPO Encumbrance: | $0.00 | National 6 Months Avg Daily Balance: | $87.23 |
| Other Encumbrances: | $0.00 | Local Max. Balance - Prev. 30 Days: | $276.89 |
| Outstanding Negotiable Instruments: | $0.00 | Average Balance - Prev. 30 Days: | $135.95 |
| Administrative Hold Balance: | $0.00 | | |
| Available Balance: | $165.99 | | |

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| | | |

current

Mr. Andrew J. Johnston
Prisoner ID No. 22712424
United States Penitentiary Tucson
P.O. Box 24550
Tucson, Arizona 85734

c/o: Clerk
U.S. District Court
219 South Dearborn Street
Chicago, Illinois 60604

Special/Legal Mail

Special/Legal Mail

Papers & Effects Protected