UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW JAMES JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-1057 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF ILLINOIS, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew James Johnston, an inmate, filed this pro se action under the Administrative Procedure Act (APA) against the United States Attorney's Office for the Northern District of Illinois. Johnston has not paid the filing fee and has not applied to proceed in forma pauperis, but given the nature of the complaint, the Court will perform an early prescreening.

Under 28 U.S.C. § 1915A, the Court must screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner that they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). The Court "accept[s] the well-pleaded facts in the complaint as true," but ignores "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009)). Those well-pleaded factual allegations, taken together, must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That is, they must constitute a "facially plausible" claim for relief. *Id*. When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Johnston is currently incarcerated for attempted bank robbery. He was convicted after a trial before Chief Judge Pallmeyer. *See United States v. Johnston*, 17-cr-00517-1. The Seventh Circuit affirmed his conviction on May 11, 2020. *See United States v. Johnston*, 814 Fed. Appx. 142 (7th Cir. 2020).

According to the complaint, Plaintiff notified the government of a threat to a "high-profile government witness" when he was incarcerated at the Metropolitan Correctional Center in 2019. *See* Cplt., at ¶ 1. Plaintiff later met with someone from the U.S. Attorney's Office, and he agreed to covertly record the other inmate who made the threat. *Id.* He did so under a "confidential human source agreement" with the Drug Enforcement Administration. *Id.* at ¶ 2.

In exchange, the government agreed to seek a "reward reduction of sentence in 17-cr-517" "if the operation was successful." *Id.* Presumably that agreement contemplated a motion by the government under Federal Rule of Criminal Procedure 35(b)(2)(C) to reduce his sentence. That Rule provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant." *See* Fed. R. Crim. P. 35(b)(2)(C).

After entering into the agreement, Plaintiff allegedly lived up to his end of the deal. He "covertly recorded the source" of the threat, an inmate named Jesus Beltran. *See* Cplt., at ¶ 2. Plaintiff later testified at Beltran's criminal trial about the threat to the witness. He laid the foundation for the admissibility of the recording, and he "stood firm" during cross examination. *Id.* at ¶ 4. The trial apparently led to a conviction. *Id.* at ¶ 5 (characterizing the trial as a "tremendous success").

About a year later, Plaintiff reached out to the government about obtaining a reduction of his sentence. *Id.* He asked the government to request a "sixty six percent reduction" in his sentence in light of his cooperation. *Id.*

But according to Plaintiff, the government balked at the length of the proposed reduction. On February 10, 2021, the United States Attorney's Office sent Plaintiff a letter, revealing that it would seek a 25% reduction – not a 66% reduction – in his sentence. *Id.* at ¶ 6.

The parties had a telephone call two days later. Plaintiff told the prosecutors that the proposed 25% reduction was "lacking," and he asked the government to seek a greater reduction. *Id.* The government refused, explaining that "Judge Castillo [*i.e.,* the judge who presided over Beltran's trial] supposedly didn't credit plaintiff's testimony beyond the context of the recording." *Id.* at ¶ 7.

A few days later, Plaintiff sent the prosecutors a draft of his complaint. He heard no response, so he decided to seek relief at the federal courthouse. But instead of seeking relief in the *criminal* case, Plaintiff filed the case at hand – a brand new *civil* case. *Id.*

Plaintiff brings claims against the United States Attorney's Office for the Northern District of Illinois under the APA. He alleges that the government's position about a 25% reduction is arbitrary, capricious, and an abuse of discretion. And he asks this Court to force the

government's hand. Specifically, he requests a preliminary injunction compelling the U.S. Attorney's Office to request a "fifty percent" reduction in his sentence. *Id.* at ¶¶ 11–12.

Based on the Court's review of the docket in the criminal case, the government has not yet filed a motion for *any* reduction in his sentence, let alone a 25% reduction. *See United States v. Johnston*, 17-cr-00517-1. Perhaps a motion is still forthcoming.

A civil claim under the APA is not the right vehicle to seek a reduction of a criminal sentence. Under 5 U.S.C. § 704, an agency action is reviewable under the APA only if "there is no other adequate remedy in a court," and the action is a "final agency action." 5 U.S.C. § 704. Here, there is another adequate remedy, so there is no need to address whether the government's letter is a final agency action.

The APA is the wrong route because there is another path for a judicial remedy. *See* 5 U.S.C. § 794. The Seventh Circuit shined lights on that path in *Kirk v. Department of Justice*, 842 F.3d 1063 (7th Cir. 2016). There, an inmate invoked the APA and challenged the government's refusal to file a motion for a reduced sentence under Rule 35(b).

The Seventh Circuit held that "the APA is not the right way to seek an order compelling the prosecutor to file a Rule 35(b)." *Id.* at 1067. Under the APA, judicial review of an agency action is only available if "there is no other adequate remedy in a court." *See* 5 U.S.C. § 704. The Court of Appeals explained that the inmate had an adequate remedy because he could file a motion to compel in the criminal case:

> Kirk could have filed an ordinary motion in the criminal case asking the judge to compel the prosecutor to file a Rule 35(b) motion. *See United States v. Wilson*, 390 F.3d 1003 (7th Cir. 2004) (using this procedure to contest the prosecutor's decision not to file a motion). Given Rule 35(a) the judge lacks authority to reduce Kirk's sentence *unless* the prosecutor files a motion, but *Wade* shows that the court has the power to compel the filing of such a motion if the criteria for review of prosecutorial discretion have been satisfied. Thus there cannot be any doubt about the district court's power to entertain a motion asking the judge for

that relief. And because this kind of motion is a complete remedy for someone in Kirk's position, 5 U.S.C. § 704 forecloses resort to the APA, just as the district court held.

*Id.* at 1066.

A different approach would vest other courts with power over the criminal case. "[G]iven the venue provisions in 28 U.S.C. § 1391(e)(1)," a defendant could request review "in multiple districts, including the district where the prisoner is confined and the District of Columbia." *Id.* "[I]t would be an unhappy development to split a criminal case into fragments and have issues such as Rule 35(b) motions litigated in districts that did not host the criminal prosecution." *Id*.

The same logic applies here. If Johnston believes that the government has not lived up to its end of the bargain, then he can seek relief in his criminal case under the Federal Rules. If he's worried that the government isn't going to file a Rule 35(b) motion at all, then he can file an "ordinary motion in the *criminal* case asking the judge to compel the prosecutor to file a Rule 35(b) motion." *Id.* (emphasis added). If he's concerned that the prosecutors will file a Rule 35(b) motion, but will request a reduction that is too small, then he can file a response and lay out his position after the government files its motion. The Federal Rules of Criminal Procedure provide a path for a remedy, so any route through the APA is foreclosed.

There is a related problem. Plaintiff can seek relief from the Court, but not *this* Court. The criminal case is not on *this* Court's docket. Instead, the criminal case was before Chief Judge Pallmeyer. This Court cannot reduce a sentence in a case before another district court judge. And it cannot compel the prosecutors in another case to do anything, because they are not on this Court's docket. This Court lacks power over another Court's docket.

5

Instead of filing satellite civil litigation about a criminal case, Plaintiff needs to seek relief in the criminal case. If Plaintiff wants relief in his criminal case, then he needs to file something in his criminal case. Filing a new civil lawsuit is not the way to go.

An argument under the APA in a new civil case is the wrong argument before the wrong court. A new civil lawsuit "is not the right forum for a decision on the merits," and "the APA is not the right way to seek an order compelling the prosecutor to file a Rule 35(b) motion." *Id.* at 1067.

This suit is the wrong claim in the wrong place. So there is no need for this Court to address whether the United States Attorney's Office for the Northern District of Illinois – as opposed to the United States, or the Department of Justice – is the wrong defendant. *See Taylor v. United States*, 2014 WL 4987984, at *2 (S.D. Ind. 2014) (holding that the "U.S. Attorney's Office" is not a "suable entit[y]"); *see also Smith v. City of Chicago Police Dept.*, 937 F.2d 610 (7th Cir. 1991) (explaining that a claim could not proceed against the Chicago Police Department because it is merely "an organizational division of the City and therefore not a separate suable entity").

The case is closed. Civil case terminated.

Date: March 8, 2021

_____
Steven C. Seeger
United States District Judge

6